UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLAN SADLER,

       Plaintiff,

v.                                                                  Civil Action No. 13-13552
                                                          Honorable Linda V. Parker

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**<u>OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF No. 11] AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF No. 15]</u>**

In this action, Plaintiff appeals the denial of his application for supplemental security income by the Commissioner of Social Security ("Commissioner"). (*See* ECF No. 1.) Before this Court are the parties' cross-motions for summary judgment. (ECF Nos. 11, 14. ). For the reasons set forth below, the Court finds that substantial evidence in the record supports the Commissioner's decision finding Plaintiff not disabled within the meaning of the Social Security Act. The Court therefore denies Plaintiff's Motion for Summary Judgment and grants the Commissioner's Motion for Summary Judgment.

**I.     BACKGROUND**

Plaintiff was fifty-two years old when he submitted the application for benefits currently being litigated. He has a twelfth grade education. (ECF No. 8-2 at Pg ID

73.)  Plaintiff was incarcerated in the Michigan Department of Corrections for cocaine and assault-related felony convictions from 1987 to 1991, 1993 to 1996, and 1998 to 2005.  (*Id.* at Pg ID 75-76.)  He did not engage in substantial work activity following his release in 2005.  *See infra*.  On his benefits application, Plaintiff claimed that he can not work because of right knee problems and mental health issues.  (ECF No. 8-5 at Pg ID 189, ECF No. 8-6 at 217.)

### A.     Procedural Background

Plaintiff previously filed an application for supplemental security income on September 8, 2005, which was denied on October 25, 2007 after a hearing before an administrative law judge ("ALJ").  (*See* ECF No. 8-2 at Pg ID 46.)  The ALJ found that Plaintiff had "severe" physical and mental impairments which restricted him to a range of light exertional and unskilled work activities, but that a significant number of jobs existed which Plaintiff could perform. (*Id.*)  After the Social Security Appeals Council denied Plaintiff's request for review, he filed a lawsuit in this District which was assigned to the Honorable Paul B. Borman.  *Sadler v. Comm'r of Soc. Sec'y*, No. 10-11727 (E.D. Mich. filed Apr. 28, 2010).  On November 21, 2011, Judge Borman issued a decision upholding the Commissioner's decision.  Op. and Order, *Sadler*, No. 10-11727 (E.D. Mich. Nov. 21, 2011), ECF No. 16.

In the meantime, on November 30, 2010, Plaintiff had filed another application for supplemental security income claiming disability as of May 1, 1999 due to right

knee pain and mental health issues. (ECF No. 8-5 at Pg ID 189, ECF No. 8-6 at 217.) Plaintiff's claim was denied initially and he requested a hearing before an ALJ. ALJ Peter N. Dowd conducted a hearing on January 6, 2012, at which Plaintiff was represented by counsel. (*Id.*) Plaintiff and vocational expert ("VE") Pauline McEachin testified at the hearing. On March 15, 2012, the ALJ issued a decision adverse to Plaintiff. (*Id.* at Pg ID 46-58.) Plaintiff filed the present lawsuit challenging that decision on August 16, 2013. (ECF No. 1.)

### B. Medical Evidence

Plaintiff does not challenge the ALJ's assessment of the medical evidence in this case. The Court has conducted an independent review of Plaintiff's medical records, but finds it unnecessary to summarize those records here except to address Plaintiff's claim that certain records support his hearing testimony. *See infra*.

### C. Plaintiff's Testimony at the Hearing Before the ALJ

After his release from prison in 2005, Plaintiff worked for brief periods of time doing general labor and box storage. (ECF No. 8-2 at Pg ID 77.) He lives in an apartment by himself. (*Id.* at 73.)

Plaintiff is 5'11" tall and weighed 293 pounds at the hearing. (*Id.* 80.) He indicated that the most he weighed in the previous year was 306 pounds and that his weight had fluctuated due to depression. (*Id.*) Plaintiff injured his right kneecap in 1978, when he was shot in the leg, and his kneecap was replaced in 1998 or 1999

when it was re-injured during an assault. (*Id*. 81.) Plaintiff testified that his obesity exacerbates his knee problems. (*Id*. at 80.)

Plaintiff reported seeing a doctor for his physical condition once every other month and a psychiatrist for depression once every three months. (*Id*. at 83.) At the time of the hearing, he was on Seroquel, Lexapro, Xanax, Vicodin, a medication for high blood pressure, and a medication for high cholesterol. (*Id*. at 84-85.) Plaintiff takes his medications by himself. (*Id*. at 84) He indicated that the medications make him tired. (*Id*. at 99.)

Plaintiff does not have a driver's license. (*Id* at 89.) He uses public transportation or has a friend drive him places. (*Id*. at 89, 91.) He is independent in his activities of daily living. (*Id*. at 90.) Plaintiff likes to watch television and read the newspaper. (*Id*. at 91.) He gets along with friends and family. (*Id*. at 92.)

Plaintiff testified that his depression has gotten worse in the last year or two. (*Id*. at 93.) He indicated that about once a week he experiences hallucinations of being assaulted and hears voices warning him that someone's trying to harm him. (*Id*. at 93, 98.) Plaintiff also conveyed that he has thoughts of hurting himself or others. (*Id*.) Plaintiff testified, however, that he has never acted on the voices telling him to harm others and he does not believe he is a danger to other people. (*Id*. at 100.)

With respect to his physical problems, Plaintiff testified that he has difficulty walking because of his knee. (*Id*. at 95.) Plaintiff claimed that he is in constant pain

and that his knee "goes out on [him]", causing him to fall.  (*Id*. at 96.)  Plaintiff testified that he could sit for a while, if he is able to stretch his leg out, and stand for about ten minutes before his leg goes numb and "it gets thriving with pain."  (*Id*.)  Plaintiff mentioned gout problems in his right foot that add to his difficulty standing.  (*Id*.)  According to Plaintiff, he can walk one to two blocks before having to sit down.  (*Id*. at 97.)

Plaintiff also testified that he had a prior injury to his left wrist that required some surgery and that he still has problems with the wrist.  (*Id*. at 95).  He indicated that his treating physician advised him to lift no more than ten pounds with his left hand.  (*Id*. at 97.)

### D. The Vocational Expert's Testimony at the Hearing Before the ALJ

The VE testified that Plaintiff does not have past relevant work. The ALJ then asked questions of the VE to determine whether sufficient jobs are available for someone with Plaintiff's functional limitations. Specifically, the ALJ asked about job availability for a hypothetical individual of Plaintiff's age, education, and work experience, who has the following limitations:

> can maximally lift weights of 20 pounds; can repetitively lift weights of 10 pounds or less; can stand and walk six of eight hours or sit for at least six of eight hours in an eight-hour workday; . . . could use the right leg and foot for frequent, but not constant, operation of foot pedals; and . . . could do frequent, but not constant, climbing of stairs, balancing of items while standing and walking, stooping, kneeling, crouching, and crawling; . . . could do only simple, routine, and repetitive work activities in a stable work environment, indicative of the maximal abilities to do unskilled work activities; and . . . could only tolerate superficial contacts [sic] with supervisors, coworkers, and the general public.

(*Id.* at Pg ID 101-02.)

The VE testified that there are a significant number of jobs in the national economy that such a person could perform. (*Id.* at 102.) As examples, the VE identified the jobs of assembler, inspector, and packager. (*Id.*) In response to questioning by Plaintiff's attorney, the VE then testified that a person who is off task twenty percent of the time due to pain or other symptoms could not work in a competitive work environment and there would be no jobs the individual could do. (*Id.* at 103.)

## II.      THE ALJ'S APPLICATION OF THE DISABILITY FRAMEWORK

Under the Social Security Act (alternatively the "Act"), benefits "are available only for those [individuals] who have a 'disability.' " *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).  In relevant part, the Act defines "disability" as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505, 416.905.  An individual is found to have a "disability" for purposes of the Act, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . .."  42 U.S.C. § 423(d)(2).

An ALJ considering a disability claim is required to follow a five-step process to evaluate the claim.  20 C.F.R. § 404.1520(a)(4).  If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ makes his or her decision and does not proceed further.  *Id*.  However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step.  *Id*.

The ALJ's five-step sequential process is as follows:

1.      Whether the claimant is currently engaged in substantial gainful activity.

       If he is, he is not disabled.  20 C.F.R. § 404.1520(a)(4)(i).

2. Whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and significantly limits the claimant's ability to do basic work activities.  If the claimant does not have such an impairment, he is not disabled.  20 C.F.R. § 404.1520(a)(4)(ii), (c).

3. Considering the medical severity of the claimant's impairment(s), whether any impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  If the claimant has an impairment that meets any Listing, he is determined to be disabled regardless of other factors.  20 C.F.R. § 404.1520(a)(4)(iii).

4. Considering the claimant's residual functional capacity ("RFC") and past relevant work, whether the claimant can perform his past relevant work.  If he can, he is not disabled.  20 C.F.R. § 404.1520(a)(4)(iv).

5. Considering the claimant's RFC, age, education, and past work experience, whether he can do other work.  If there is no such work that the claimant can perform, the ALJ must find that he is disabled.  20 C.F.R. § 404.1420(a)(4)(v).

*See Walters v. Comm'r of Soc. Sec'y*, 127 F.3d 525, 529 (6th Cir. 1997); *see also* 20 C.F.R. §§ 404.1520, 416.920.  The burden of proof is on the claimant through the first four steps.  *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).  If the analysis reaches the fifth step, the burden shifts to the Commissioner.  *Id*.

     At the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 30, 2010.  (ECF No. 8-2 at Pg ID 49.)  At the second step, he found that Plaintiff had the following severe impairments: degenerative joint

disease of the right knee, obesity, adjustment disorder with depression, post-traumatic stress disorder (PTSD), and personality disorder.[1] (*Id.*)  Next, the ALJ concluded that none of Plaintiff's impairments, alone or in combination, met or medically equaled a listed impairment. (*Id.* at Pg ID 52.)  Between the third and fourth steps, the ALJ determined that Plaintiff had the following residual functional capacity:

> to perform a range of light exertional work activities as defined in 20 C.F.R. § 416.967(b),[2] except as restricted by the following: the claimant is limited to frequent, and not constant, use of the right lower extremity for pushing, pulling or operation of foot controls; the claimant is limited to frequent, but not constant, climbing of stairs, balancing, stooping, kneeling, crouching and crawling; the claimant is mentally limited to simple, routine and repetitive work activities performed in a stable work environment; and the claimant can mentally maximally tolerate superficial contact with supervisors, coworkers and the general public.

---

[1] The ALJ indicated that he was bound by the severe impairments and residual functional capacity found during the adjudication of Plaintiff's earlier application for benefits, absent evidence of a change in his impairments, either development of new impairments or worsening of the impairments. (ECF No. 8-2 at Pg ID 70.)

[2] The regulations define "light work" as follows:

[I]nvolv[ing] lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

20 C.F.R. §§ 404.1567(b), 416.967(b).  If a claimant is found capable of light work, the regulations provide that he or she also is found capable of "sedentary work," unless there are additional limiting factors like an inability to sit for long periods of time.  *Id.*

(*Id.* at Pg ID 53-54.)

At the fourth step, the ALJ found that Plaintiff had no "past relevant work." (*Id.* at Pg ID 56.) The ALJ therefore proceeded to the fifth step, where he found that sufficient jobs existed in the national economy for someone of Plaintiff's age, education, work experience, and RFC. (*Id.* at Pg ID 26-27.) The ALJ therefore concluded that Plaintiff was not disabled as defined by the Social Security Act from the alleged onset date through the date of the decision. (*Id.* at Pg ID 58.)

## III.   STANDARD OF REVIEW

District courts have jurisdiction to review the Commissioner's final administrative decisions pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited. The court must affirm the Commissioner's decision unless "the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec'y*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotation marks and citations omitted).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec'y*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). If substantial evidence supports the Commissioner's decision, the decision "must be affirmed even

if the reviewing court would decide the matter differently, . . . and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard " 'presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts' ") (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

When reviewing the Commissioner's factual findings for substantial evidence, the court is limited to an examination of the record and must consider the record as a whole. *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007); *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec'y*, 245 F.3d 528, 535 (6th Cir. 2001) (citations omitted). However, the court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass*, 499 F.3d at 509; *Rogers*, 486 F.3d at 247.

Further, a claimant waives any arguments or issues not raised at the district court level. *Yamin v. Comm'r Soc. Sec'y*, 67 F. App'x 883, 884 (6th Cir. 2003) (citing *Yong v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 149 (6th Cir. 1990)). "A court is under no obligation to scour the [administrative] record for errors not

11

identified by a claimant." *Hamilton v. Astrue*, No. 1:09CV260, 2010 WL 1032646, \*6 (N.D. Ohio Mar. 17, 2010) (citing, *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, \*6 (E.D. Tenn. Aug. 18, 2009) (stating that assignments of error not made by claimant were waived)). Indeed, arguments not raised and supported in more than a perfunctory manner may be deemed waived. *Woods v. Comm'r of Soc. Sec'y*, No. 1:08-CV-651, 2009 WL 3153153, at \*7 (W.D. Mich. Sept. 29, 2009) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (noting that conclusory claim of error without further argument or authority may be considered waived)).

## IV. ANALYSIS

Plaintiff's counsel has developed a reputation in this District for submitting briefs on behalf of social security claimants that are thoroughly deficient and devoid of proper factual substance and legal analysis. *See, e.g., Fielder v. Comm'r of Soc. Sec'y*, No. 13-10325, 2014 WL 1207865, at *1 & n.1 (E.D. Mich. Mar. 24, 2014) (citing cases where other judicial officers have cautioned counsel for submitting inadequate pleadings). In *Fielder*, Chief Judge Rosen found that the summary judgment motion prepared by Plaintiff's counsel for the claimant in that case "lacked any survey, much less meaningful discussion, of the medical record, and . . . failed to provide any factual basis for [the plaintiff's] challenge to the ALJ's assessment of his credibility[.]" *Id*. Chief Judge Rosen noted that "this reliance on conclusory assertions and absence of developed argument has become the calling card of Plaintiff's counsel in a number of recent Social Security cases, and nearly every Magistrate Judge in this District has expressed this concern with the work product of Plaintiff's counsel." *Id*. at n.1 (citing cases). In fact another judge in this District subsequently warned Plaintiff's counsel that his "superficial, cut-and-paste, template approach to fulfilling his professional duty to substantively brief the issues presented for the court's consideration and determination fails to comply with all accepted rules of civil pleading and practice in this District." *Pawloski v. Comm'r of Soc. Sec'y*, No. 13-11445, 2014 WL 3767836, at *6 (E.D. Mich. July 31, 2014) (Cleland, J.); *see also*

Report and Recommendation, *Stokes v. Comm'r of Soc. Sec'y*, No. 13-13068 (E.D. Mich. July 29, 2014), ECF No. 14 at Pg ID 543 (Majzoub, M.J.) (indicating that "counsel's repeated failure to set forth factually specific, discernable, sound legal analyses in his briefing to this Court compels the waiver of any such arguments."). Counsel's submission in the present matter is consistent with his past practice.[3]

After a half-page recitation of the "facts", Plaintiff's summary judgment motion presents one issue:

> Whether the Commissioner erred as a matter of law in assessing [Plaintiff's] credibility and by failing to properly evaluate the medical records of evidence, and thereby, forming an inaccurate hypothetical that did not accurately portray [Plaintiff's] impairments.

(ECF No. 11 at Pg ID 549.)  Plaintiff's counsel then devotes four pages of the ten-

---

[3]In fact, counsel basically has provided the same brief, restating the same case law in support of Plaintiff's case that he has filed on behalf of many of his former clients, inserting limited content specific to Plaintiff's case. Counsel's cut-and-paste approach is most evident on the first page of his brief, where he states that "[t]he ALJ determined that *Gregory Williams* has no past relevant work." (ECF No. 11 at Pg ID 548, emphasis added.) Plaintiff represented Gregory Williams in a case filed in this District on July 26, 2013. *Williams v. Comm'r of Soc. Sec'y*, No. 13-13211. Aside from a few brief paragraphs devoted to medical records and testimony relevant to the particular client's case, the briefs counsel submitted on behalf of Mr. Williams and Plaintiff are identical. *See* Mot. for Summ. J., *Williams v. Comm'r of Soc. Sec'y*, No. 13-13211 (E.D. Mich. filed Feb. 9, 2014), ECF No. 8. Notably, in his brief in *Williams*, Plaintiff's counsel also neglects to substitute Mr. Williams' name for the name of another client, Tracy Washington, for whom he submitted the almost identical brief as well. *See id.* at Pg ID 473; *see also* Mot. for Summ. J., *Washington v. Comm'r of Soc. Sec'y*, No. 13-14083 (E.D. Mich. filed Sept. 25, 2013), ECF No. 9.

page brief to a recitation of the standards for evaluating a claimant's complaints of pain and for determining whether the claimant has the residual functional capacity to perform substantial gainful activity that exists in the national economy, as set forth by the Sixth Circuit in *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994). At last Plaintiff states a specific, albeit undeveloped, challenge to the ALJ's decision, contending that "each element of the hypothetical does not accurately describe [Plaintiff] in all significant, relevant respects . . . The ALJ did not properly evaluate all of [Plaintiff's] impairments in the hypothetical question." (ECF No. 11 at Pg ID 553.) Plaintiff contends that based on his hearing testimony and "the medical record snapshot" provided in the brief, the ALJ should have found that he would be off task more than twenty percent of the day and absent more than once per month. (*Id*. at Pg ID 554-55.)

      The ALJ, however, found Plaintiff's hearing testimony regarding the extent of his pain and limitations not credible. Plaintiff fails to explain how the ALJ erred in making this credibility finding. As such, he leaves "the Commissioner and this Court to wonder why he thinks the ALJ should have been required to find him credible." *Burger v. Comm'r of Soc. Sec'y*, No. 12-11763, 2013 WL 2285375, at *5 (E.D. Mich. May 23, 2013) (another case filed by Plaintiff's counsel where counsel failed to explain why the ALJ's credibility determination was wrong). The ALJ has set forth considerable medical evidence supporting his reasons for discrediting much of

Plaintiff's complaints regarding the severity of his pain and his physical and mental limitations. (ECF No. 8-2 at Pg Id 49-56.) None of the medical evidence that Plaintiff includes in his brief suggests that the ALJ erred in his assessment. The ALJ addressed the December 3, 2009 medical record evidence Plaintiff refers to in his brief, but addressed additional notations in those records that undermined Plaintiff's claims. (*See id.* at 49, citing ECF No. 8-7 at Pg ID 266-68.) The portions of the records from CMH that Plaintiff quotes from in his brief reflect simply *his* descriptions of his condition. (ECF No. 11 at Pg ID 554.)

Plaintiff's counsel spends the remainder of the brief in support of Plaintiff's request for summary judgment relating the rules applicable to an ALJ's review of medical source opinions. (*Id.* at Pg ID 555-57.) Counsel never indicates, however, how the ALJ violated the applicable rules. Plaintiff does not identify a single treating source whose opinion was disregarded or what the opinion stated. The Court therefore considers this argument waived. *See Doyle v. Comm'r of Soc. Sec'y*, No. 13-12916, 2014 WL 4064251, at *18 (E.D. Mich. Aug. 18, 2014) (citing case law supporting a finding that the plaintiff– also represented by counsel for Plaintiff in the present case– waived any arguments relying on the treating source rule where the plaintiff failed to identify a treating source or treating opinion the ALJ improperly evaluated).

## VI. CONCLUSION

For the reasons set forth above, the Court concludes that Plaintiff fails to raise a legitimate argument for finding error in the Commissioner's decision. The Court finds substantial evidence in the record to support the Commissioner's determination that Plaintiff is not disabled for purposes of the Social Security Act.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for summary judgment is **DENIED**;

**IT IS FURTHER ORDERED**, that Defendant's motion for summary judgment is **GRANTED**.

S/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 23, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 23, 2014, by electronic and/or U.S. First Class mail.

S/ Richard Loury
Case Manager
